IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA DEPARTMENT OF
TOXIC SUBSTANCES CONTROL,

      Plaintiff,                              CIV-S-02-0018 GEB/JFM/GGH

      vs.

BRIGHTON OIL COMPANY, et al.,

      Defendants.                       ORDER

/

        The motion of California Highway Patrol, and other state defendants, to permit depositions of certain persons to take place in this stayed case came on for hearing. The attending parties placed their appearances on the record.

        The motion is denied without prejudice to its renewal in two eventualities.[1] First, if any of the persons whose depositions were sought by CHP (and for that matter the deposition of any persons with significantly pertinent information regarding the issues in this lawsuit) have a medically certifiable illness which will likely result in their passing in six months or less, the court will lift the stay for the purposes of preserving such testimony. Any such notice of

---

[1] The reasons for the denial have been set forth in the opposing papers.

1

deposition to preserve testimony must be accompanied by the medical certification, which will be filed under seal and which certification is not to be disseminated by any receiving party for purposes outside of this lawsuit.  The person proffering such a terminally ill deponent shall produce, no less than five business days prior to the deposition, all non-privileged documents in the proffering *party's* actual or constructive possession which relate to the subject matter of the persons' testimony.  Thus, for example, if a person was going to be deposed on the subject of amount of oil transported to the Brighton site over the years, all documents actually or constructively held by the *party* proffering the deponent, which reflect on that transportation, must be produced.

Secondly, the court hereby schedules a status conference in this case for April 14, 2006 at 10:00 a.m.  The court anticipates that it will set the parameters for settlement proceedings to be scheduled shortly thereafter.  Indeed, if all the phase one activities have been completed in advance of the conference, the court may hold the first phase 2 settlement conference on that day.[2]  However, if it appears to the court that Phase I is bogged down with necessary, future investigation activities, such that the immediate completion of Phase I cannot be envisioned, the undersigned on his own may invite a renewal of the motion on that date.

This entire settlement process should be completed no later than the Fall of 2006.

DATED: 2/8/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
brighton.depo

---

[2] The court may direct that certain document disclosures may be made and logistics for future settlement conferences will be set.  The court may set a date for presentation of possible remedial actions which will have to take place on the site.