IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA DEPARTMENT OF
TOXIC SUBSTANCES CONTROL,

       Plaintiff,                     CIV-S-02-0018 GEB/JFM/GGH

  vs.

BRIGHTON OIL COMPANY, et al.,

       Defendants.                ORDER

        All non-fully dismissed parties and their counsel are directed to appear for settlement conferences as follows:

        1. February 25 and 26, 2008 at 10:00 a.m.: Attorneys and their clients with full authority to make settlement decisions, and all pro per parties (insurance representatives may appear on behalf of the parties if they so desire);

        2. February 27, 2008 at 10:00 a.m.: The oversight committee, Department of Toxic Substances Control ("DTSC") and its attorneys;

        3. March 3 and 4, 2008 at 10:00 a.m.: Attorneys and their clients with full authority to make settlement decisions, all pro per parties, insurance carrier representatives for all parties with any type of potential insurance coverage, with full authority to make settlement decisions, DTSC and their attorneys.

\\\\\

\\\\\

1   "All parties" include those non-dismissed parties who elected to be
2   "nonparticipating" in the settlement process up to this point.  See Participation Memorandum of
3   November 19, 2003.

4   These settlement conferences are scheduled pursuant to the November 4, 2003
5   Settlement Process Order, and specifically Stages II and III referenced therein.  While the draft
6   Remedial Action Plan ("RAP") awaits public comment, and then final approval by DTSC, the
7   settlement conferences can proceed based on the draft RAP.  Final settlement will be contingent
8   upon the approval of a final RAP.

9   The settlement conference will begin with the parties organized in accordance
10  with the groups identified in the settlement process order as modified herein.  The groups will
11  facilitate the court in working with the parties.  The court may consider a different settlement
12  discussion structure during the course of the settlement conferences if necessary.

13  Notwithstanding the above, all settlement conference participants shall initially
14  meet for a joint session on February 25, 2008 at 10:00 a.m. at the commencement of the
15  conference to be updated on the events involving public comment, offers all groups might wish
16  to consider and other informational issues pertinent to the groups as a whole.

17  For settlement purposes the groups are as follows:

18  1.  Owners' Group:
        Kester
19      McDuffee
        Mid-Valley Development
20      Shankar
        Stone
21      White Rock & Kilgore LLC

22  2.  Arrangers' Group:
        Aerojet
23      Atlantic Richfield
        Chevron U.S.A. Inc.
24      City of Sacramento
        City of Roseville
25      County of Sacramento
        Ellsworth Harrold
26      Exxon Mobil

        FB Hart
        International Truck
        John L. Sullivan
        Petroleum Tank Line
        PG&E
        R.L. Niello
        Shell Oil
        SMUD
        State Agencies (CHP, Caltrans, State Garage)
        Suburban Motors
        Teichert, Inc.
        Texaco Inc.
        Turner Motors
        Union Oil Company of California
        Union Pacific Railroad
        United States Air Force
        Valley Livestock

Previously and currently identified non-participating parties (as set forth below) shall join the Other Arrangers group:

        Keil Enterprises
        Maita Oldsmobile

        A schedule shall be set for group meetings with the undersigned. The groups shall be timely in their appearance at the specified time. As we approach settlement, the timing between group meetings will become less and less.

        The major issues for settlement include whether to settle on a per capita basis (i.e., total remediation costs are divided by the number of parties), a basis where individual equitable factors are assessed, or a hybrid of the two. Also important to final resolution is a determination of generator status and details governing those parties who will remain responsible for implementing the remedy in the approved RAP, for any further monitoring, and work to be performed in later years, assuming an improbable event which would necessitate any further work to be performed.

        All parties shall serve their settlement conference statements on Judge Hollows in his chambers and on the other parties in the litigation 10 days prior to the date of the settlement conference. The statements shall be based upon as much informal contact within and without the

3

individual groups as possible.  If it is possible for a group to prepare and serve a consolidated settlement conference statement containing group agreements, it is advisable to do so.  Except for statements on behalf of a group, the statements shall be no greater in length than five pages.  No more than ten pages of exhibits may be served along with the settlement conference statements.

In assessing settlement issues, including an attorney's belief that his client might prevail in adjudication, each attorney, client and carrier shall reflect upon the statement of King Phyrrus of Epirus after the battle of Heraclea in 280 BC (with the Romans):  Another such victory and I am ruined.  Equating the Romans to the court or the prosecuting agency in this case, we all know what happened to the Romans afterwards in terms of their many centuried existence, but who remembers the "bankrupt" kingdom of Epirus?

DATED: 1/3/08

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
brighton.scdate