1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

OF THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA DEPARTMENT OF
TOXIC  SUBSTANCES CONTROL,

              Plaintiff,

    v.

BRIGHTON OIL COMPANY, et al.,

              Defendants.
_____/

CASE NO. CIV-S-02-0018 GEB GGH

ORDER REGARDING FURTHER SETTLEMENT
CONFERENCES

      The following order is issued to all non-fully dismissed parties and their counsel regarding appearances at settlement conferences:

      1.      April 21, 2009 at 10:00 a.m.:  All counsel representing non-fully dismissed parties and all parties appearing in pro per are directed to appear for a general settlement conference.  Attorneys should have full authority to discuss settlement terms (insurance representatives may appear).

      2.      April 22, 2009 at 10:00 a.m.:  All non-fully dismissed parties and their counsel and all parties appearing in pro per are directed to appear for a settlement conference. Attorneys and their clients and parties appearing in pro per should have full authority to make

settlement decisions (insurance representatives may appear on behalf of parties if they so desire, but are required to be on telephone standby).

"All parties" include those non-dismissed parties who elected to be "nonparticipating" in the settlement process up to this point. See Participation Memorandum of November 19, 2003.

These settlement conferences are scheduled pursuant to the November 4, 2003 Settlement Process Order, and specifically Stages II and III referenced therein. It is anticipated that the Final Feasibility Study/Remedial Action Plan ("FS/RAP") will have proceeded through the public comment process, and the FS/RAP will have received final approval by DTSC.  If final approval has not been obtained from DTSC, final settlement will be contingent upon the approval of a final RAP.

The settlement conference will begin with the parties having a general settlement conference session on April 21, 2009 and then on April 22, 2009, the parties will be organized in accordance with the groups identified in the settlement process order as modified herein. The groups will facilitate the court in working with the parties.  The court may consider a different settlement discussion structure during the course of the settlement conferences if necessary.

In accordance with the above, all settlement conference participants shall initially meet for a joint session on April 21, 2009 at 10:00 a.m. at the commencement of the conference to be updated on the events involving public comment, offers all groups might wish to consider, structure of the settlement process, potential insurance products to be considered for the site, and other informational issues pertinent to the groups as a whole.

For settlement purposes the groups are as follows:

1. Owners' Group:
   Kester
   McDuffee
   Mid-Valley Development
   Shankar
   Stone
   White Rock & Kilgore LLC

2. Arrangers' Group:
   Aerojet
   Atlantic Richfield
   Chevron U.S.A. Inc.
   City of Sacramento
   City of Roseville
   County of Sacramento
   Ellsworth Harrold
   Exxon Mobil
   FB Hart
   International Truck
   John L. Sullivan
   Petroleum Tank Line
   PG&E
   R.L. Niello
   Shell Oil
   SMUD
   State Agencies (CHP, Caltrans, State Garage)
   Suburban Motors
   Teichert, Inc.
   Texaco Inc.
   Turner Motors
   Union Oil Company of California
   Union Pacific Railroad
   United States Air Force
   Valley Livestock

Previously and currently identified non-participating parties (as set forth below) shall join the

3. Other Arrangers Group:

   Keil Enterprises
   Maita Oldsmobile

The Settlement Process Order contemplates settlement on an equitable basis.  However, the parties may also discuss other potential allocations for settlement, including on a pro rata basis, which may help to facilitate settlement.  Also important to final resolution is a determination of generator status and details governing those parties who will remain responsible for implementing the remedy in the approved RAP, for any further monitoring, and work to be performed in later years, assuming an improbable event which would necessitate any further work to be performed, as well as potential insurance products to be utilized in a settlement.

All parties shall serve their settlement conference statements on Magistrate Judge Hollows in his chambers and on the other parties in the litigation 10 days prior to the date of the settlement conference.  The statements shall be based upon as much informal contact within and without the individual groups as possible. If it is possible for a group to prepare and serve a consolidated settlement conference statement containing group agreements, it is advisable to do so. Except for statements on behalf of a group, the statements shall be no greater in length than five pages. No more than ten pages of exhibits may be served along with the settlement conference statements.

DATED: _February 17, 2009_____

    /s/ Gregory G. Hollows
_____
    GREGORY G. HOLLOWS
    UNITED STATES MAGISTRATE JUDGE