UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL<br><br>Plaintiffs,<br><br>v.<br><br>ESTATE OF HERBERT S. McDUFFEE, JR., DECEASED, et al.,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS, COUNTERCLAIMS, THIRD-PARTY CLAIMS | Case No.: CIV. 02-0018 GEB GGH<br><br>ORDER<br><br>SETTLEMENT CONFERENCE: MAY 29, 2009 |

All non-fully dismissed parties and their counsel are directed to appear for a settlement conference as follows:

May 29, 2009 at 10:00 a.m.: Attorneys and their clients with full authority to make settlement decisions, insurance carrier representatives for all parties with any type of potential insurance coverage, with full authority to make settlement decisions, and all pro per parties.[1]

---

[1] In the event that an attorney has full settlement authority, the client need not be present. "Full settlement authority" means that the client will not be involved in the settlement negotiations except insofar as the client must accept or reject the settlement. Requests by an attorney that modifications to a settlement proposal be made, after contact with a client, indicate that the attorney does not have full settlement authority. If the client desires to be involved in the substance and dynamics of the conference, the client must be present.

"All parties" include those non-dismissed parties who elected to be "nonparticipating" in the settlement process up to this point. See Participation Memorandum of November 19, 2003.

This settlement conference is scheduled pursuant to the November 4, 2003 Settlement Process Order, and specifically Stages II and III referenced therein. While the approved draft Remedial Action Plan ("RAP") awaits public comment, and then final approval by DTSC, the settlement conference can proceed based on the approved draft RAP.

The settlement conference will begin with the parties organized in accordance with the groups identified in the settlement process order as modified herein. The groups will facilitate the court in working with the parties. The court may consider a different settlement discussion structure during the course of the settlement conference if necessary.

Notwithstanding the above, all settlement conference participants shall initially meet for a joint session on May 29, 2009 at 10:00 a.m. at the commencement of the conference to be updated on the events involving DTSC response to settlement alternatives, offers all groups might wish to consider, and other informational issues pertinent to the groups as a whole.

For settlement purposes the groups are as follows:

1. Owners' Group:
   Kester
   McDuffee
   Mid-Valley Development
   Shankar
   Stone
   White Rock & Kilgore LLC

2. Arrangers' Group:
   Aerojet
   Atlantic Richfield
   Chevron U.S.A. Inc.
   City of Sacramento
   City of Roseville
   County of Sacramento
   Ellsworth Harrold
   Exxon Mobil
   FB Hart
   International Truck

    John L. Sullivan
    Petroleum Tank Line
    PG&E
    R.L. Niello
    Shell Oil
    SMUD
    State Agencies (CHP, Caltrans, State Garage)
    Suburban Motors
    Teichert, Inc.
    Texaco Inc.
    Turner Motors
    Union Oil Company of California
    Union Pacific Railroad
    United States Air Force
    Valley Livestock

Previously and currently identified non-participating parties (as set forth below) shall join the Other Arrangers group:

    Keil Enterprises
    Maita Oldsmobile

The major issues for settlement include whether to settle on a per capita basis (i.e., total remediation costs are divided by the number of parties), a basis where individual equitable factors are assessed, or a hybrid of the two. Also important to final resolution is a determination of generator status and details governing those parties (including DTSC) who will remain responsible for implementing the remedy in the approved RAP, for any further monitoring, and work to be performed in later years, assuming an improbable event which would necessitate any further work to be performed.

All parties shall serve settlement conference statements on Judge Hollows in his chambers and on the other parties in the litigation 10 days prior to the date of the settlement conference, <u>only</u> if their position has changed from the April 2009 statements. The statements shall be based upon as much informal contact within and without the individual groups as possible. If it is possible for a group to prepare and serve a consolidated settlement conference statement containing group agreements, it is advisable to do so. Except for statements on behalf

of a group, the statements shall be no greater in length than five pages.  No more than ten pages of exhibits may be served along with the settlement conference statements.

DATED:  May 13, 2009

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

brighton.may.sett.ord