UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL<br><br>             Plaintiffs,<br><br>       v.<br><br>ESTATE OF HERBERT S. McDUFFEE, JR., DECEASED, et al.,<br><br>             Defendants.<br><br>AND RELATED CROSS-CLAIMS, COUNTERCLAIMS, THIRD-PARTY CLAIMS | Case No.: CIV. 02-0018 GEB GGH<br><br>Order on Settlement Conference Held on May 29, 2009 |

    A settlement conference was held on May 29, 2009 with all non-fully dismissed parties, their counsel and insurance representatives and representatives of the Department of Toxic Substances Control ("DTSC") and their counsel, with Magistrate Judge Gregory G. Hollows presiding.

    The following agreement was reached, subject to a 30 day time period (ending on June 29, 2009) for any party to inform Magistrate Judge Hollows by email that it does not have the authority to agree as follows, and subject to documentation of the agreement in a mutually acceptable settlement agreement:

1

ORDER ON SETTLEMENT CONFERENCE HELD ON MAY 29, 2009

1. The sum of $1,771,000 will be paid to Plaintiff DTSC by the settling arrangers consisting of the following parties:

| Settling Arrangers Group | Share: $77,000 |
|---|---|
| Aerojet | 1 |
| Altantic Richfield | 1 |
| Andrews Enterprises | 1 |
| California Highway Patrol/Cal Trans/State Garage ("State Agencies") | 2* |
| Chevron | 1 |
| City of Roseville | 1 |
| City of Sacramento | 1 |
| County of Sacramento | 1 |
| Ellsworth Harrold | 1 |
| Exxon Mobil | 1 |
| FB Hart | 1 |
| International Truck | 1 |
| Petroleum Tank Line | 1 |
| PG&E | 1 |
| Shell Oil | 1 |
| SMUD | 1 |
| Suburban Motors | 1 |
| Teichert, Inc. | 1 |
| Texaco | 1 |
| Unocal | 1 |
| Union Pacific Railroad | 1 |
| United States Air Force | 1 |

* The State Agencies' payment includes a .5 share to DTSC for administrative costs in the preparation of settlement documentation, including responding to motions.

2. The sum of $585,000 will be paid to Plaintiff DTSC by the settling property owners group as follows:

    Estate of McDuffee/Christine McDuffee    $45,000
    Mid-Valley Development (Parcel C)    $140,000
    White Rock & Kilgore, LLC/Ravind Shankar (Parcel A)    $400,000

3. The following parties are not participating in the settlement ("non-settling parties"):

| Property Owners | Arrangers |
|---|---|
| Charles Kester (Parcel B) | Future Nissan |
| Sharon Stone (Parcel B) | Keil Enterprises |
| | Maita Oldsmobile |
| | RL Niello |
| | John L. Sullivan |
| | Turner Motors |
| | Valley Livestock |

4. The general terms of the settlement are set forth below. The oversight committee will take the lead in preparing a global settlement agreement for the settling arrangers, the McDuffee parties and the settling property owners. The oversight committee will also take the lead in the preparation of a motion for good faith settlement determination and an order confirming a contribution bar under CERCLA. If the settling parties have not reached agreement on a settlement agreement by July 29, 2009, then all counsel, and parties and insurance representatives, will appear for a further settlement conference on August 28, 2009 at 10:00 a.m.

General Terms:

 a. DTSC will undertake all future assessment, remediation and monitoring work ("Work") in a timely manner so as not to unduly inhibit development at the Brighton Oil site ("Site");

 b. DTSC will provide a full release and covenant not to sue to the settling arrangers and the McDuffee parties with no re-openers;

 c. DTSC will provide a release and covenant not to sue to the settling property owners with limited re-openers;

 d. If the cost of the excavation remedy selected in the April 13, 2009 Remedial Action Plan Work exceeds the amount of funds from the settlement, DTSC retains the sole discretion to determine if an alternative remedy, such as a capping remedy, will be utilized.;

 e. The settling property owners agree to record a land use covenant (that will be attached to the Settlement Agreement) that 1) restricts use of areas of the Site that do not meet unrestricted land use criteria, 2) prohibits any excavation, construction or placement of structures in those areas without DTSC authorization, and 3) requires management of residual chemical constituents in those areas in a manner approved by DTSC. DTSC agrees that it will work with the owner of Parcel A to place a line on the parcel map showing where development can occur at the time of settlement;

3
ORDER ON SETTLEMENT CONFERENCE HELD ON MAY 29, 2009

f.  Except for the obligations imposed by the final settlement agreement to be executed by DTSC and the settling parties in this case, the settling parties agree not to assert any claims or causes of action against DTSC, the State of California, or any state agency (collectively "the State") for costs, damages or injuries, as a result of DTSC's response actions or lack of response actions at the Site; and agree not to assert any claims seeking to require the State to carry out any response actions at the Site.  This agreement will be made binding on future property owners;

g.  DTSC and the State of California shall be included in the provision granting contribution protection; with the statement that contribution protection granted by DTSC is subject to DTSC's reservation of rights against property owners that was previously discussed;

h.  DTSC has advised the Court that any of the non-settling arranger parties may "opt in" to the settlement on the same terms set forth in this order for the settling arrangers by agreeing to pay the sum of $77,000.  This "opt in" option will remain open with DTSC until June 29, 2009;

i.  DTSC will not waive past oversight costs, attorneys' fees and any other recoverable costs, against the non-settling property owner party and the non-settling arranger parties who do not opt in as set forth in (h) above;

j.  DTSC reserves the right to pursue all available remedies against the non-settling property owner party and the non-settling arranger parties except for those arranger parties who opt in as set forth in (h) above;

k.  The settlement is contingent upon confirmation by the United States District Court for the Eastern District of California in an order finding this settlement to be entered into in good faith under Section 877.6 of the California Code of Civil Procedure and barring any claims for contribution against the settling parties under Section 877.6 of the California Code of Civil Procedure and Section 113(f)(2) of CERCLA, 42 U.S.C. Section 9613(f)(2);

1       l.  A status conference date will be scheduled by Judge Garland E. Burrell, Jr. with DTSC and the non-settling parties after the hearing is held on the settling parties' motion for a good faith finding and for a contribution bar.

DATED:   June  4    , 2009

/s/     Gregory     G.Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE