IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA DEPARTMENT OF
TOXIC SUBSTANCES CONTROL,

    Plaintiff,                      CIV-S-02-0018 GEB/JFM/GGH

    vs.

BRIGHTON OIL COMPANY, et al.,

    Defendants.                 ORDER

_____/

After e-mail and/or verbal discussion with the Oversight Committee and DTSC counsel, the undersigned issues an order concerning the sharing of the settlement expert's data/records created in connection with the duties of the settlement expert. Because the undersigned believes there is no question but that the data/records may be shared, which indeed already has been shared throughout the pendency of the settlement process, this order issues without requiring formal briefing, but is subject to reconsideration before the district judge if such a request is filed no later than September 4, 2009.[1]

---

[1] The undersigned has presided during the lengthy settlement process in this case in a unique status. With the full assent of all parties, he has been a settlement judge permitting contact with some or all parties in his discretion, and also acts as an adjudicator of settlement

1

1       The settlement process order in this case, drafted by the undersigned, purposefully
2  contained provisions which would permit the sharing/use of all data/records created by the
3  settlement expert in the context of the expert's duties in this process.  Indeed, in order to obtain
4  DTSC assent to the propriety of the various, discrete stages of settlement activities, i.e., remedial
5  investigation, health risk assessment, feasibility study and remedial plan, plaintiff DTSC had to
6  be informed throughout the course of the settlement process of all data and records prepared by
7  the settlement expert.  The undersigned understands that such sharing has taken place.

8       The status of the settlement process is that the vast majority of parties and DTSC
9  have reached final settlement, and that settlement is being reduced to writing in a proposed
10 consent decree to be filed in the near future.  In the latter stages of this preparation, DTSC has
11 requested that at least some of the expert's previously disseminated information be re-transmitted
12 in a suitable electronic format.  A potential dispute has arisen with at least one of the
13 participating, but potentially non-settling, defendants in regards to any [further] transmission of
14 information by the settlement expert to DTSC.

15      The settlement process order to which *all* participating and non-participating
16 parties were bound, Order[2] at 5, 14, provided:

17      "The parties understand that the data gathered, and analyses made by the
         settlement expert, will be made public if the settlement process continues [past
18       Stage I], or if the litigation re-commences after Stage I."

19 Order at 7.

20      "The expert will not give an explicit opinion concerning who, or what entity,
         caused or contributed to the pollution.  Nor will the settlement expert be permitted
21       to give an opinion of such in any further litigation.  However, in the course of
         gathering data, the expert will have acquired opinions concerning the type,
22       amount and location of actionable pollution.  Those opinions may be utilized in
         ensuing litigation should this settlement process fail.  This is not to say, however,
23

---

24 process disputes.  Thus, the undersigned does not feel constrained to recuse himself over a matter
   which may be subject to a party's objection even though previous discussion has been had on the
25 subject matter of this order.

26      [2] Settlement Process Order filed November 4, 2003.

2

      that in the event further litigation is recommenced that a party may not contest the findings of the settlement expert."

Order at 10.

      "Except as set forth above with respect to admissibility of the settlement expert's percipient opinions, all proceedings taken in conjunction with settlement shall be afforded all confidentiality provisions of federal law.... Except as the percipient findings of the settlement expert may be admitted during further litigation, no provision of this settlement process order shall be construed or deemed to be evidence of an admission of any fact or matter."

See also Confidential[3] Joint Funding agreement executed by all participating parties pursuant to the Order at footnote 1: "This Agreement in no way precludes DTSC from accessing the [settlement expert's] documents as the [Settlement Process] Order provides that the [settlement expert] is the *parties* expert in settlement."

      DTSC was a party, of course, to the Settlement Process order as were any presently objecting parties. An objection to the transmission of the settlement experts' data/records *per se* is clearly without merit. Equally without merit is an objection that the transmitted information be put in a usable electronic format as the Federal Rules of Civil Procedure would direct this result if litigation were to re-commence. Fed. R. Civ. P. 34(b)(2)(E) (electronically stored documents to be produced in the form in which they are maintained or reasonably usable format). Moreover, the participating parties agreed: "To the extent reasonably practical, the [settlement expert] shall keep all bills, reports data accumulations and the like on an electronic data base...." Funding Agreement at 2.

*Conclusion*

      Accordingly, DTSC shall be permitted to acquire the data/records of the settlement expert, previously transmitted or otherwise appropriately accessible, to DTSC in an

\\\\\

\\\\\

---

[3] Nothing the court quotes from the Confidential Funding Agreement could be deemed sensitive information.

1 electronically usable format.  This order does not address who shall pay for that re-transmission
2 assuming there are any significant costs associated with the re-transmission.
3 DATED: 08/14/09

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

brighton.data