IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA DEPARTMENT OF TOXIC )
SUBSTANCES CONTROL,            )
                               )
            Plaintiff,         )   2:02-cv-0018-GEB-GGH
                               )
       v.                      )   ORDER
                               )
ESTATE OF HERBERT S. MCDUFFEE, JR.,)
DECEASED, ET AL.,              )
                               )
            Defendants.        )
_____)
                               )
AND RELATED CROSS-CLAIMS,      )
COUNTERCLAIMS, and THIRD-PARTY )
ACTIONS                        )
_____)

On April 1, 2010, Plaintiff California Department of Toxic Substances Control (the "Department") filed a motion for approval and entry of the proposed Consent Decree (the "Consent Decree") in this cost recovery action brought by the Department under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") 42 U.S.C. §§ 9601 *et seq.*, and California statutory and common law, against a number of defendants.  The Department and the settling defendants also seek an order declaring that the settlement was made in good faith under California Code of Civil Procedure sections 877 and 877.6.  These parties further seek an order barring claims against the settling parties for contribution or indemnity arising out of the settled claims under 42 U.S.C. § 9613 and § 113(f)(2).

1

1        This case involves the alleged release or threatened release
2   of hazardous substances in, at, around, beneath, and from a tract of
3   land located at the intersection of White Rock and Kilgore Roads in
4   Rancho Cordova, Sacramento County, California, Assessor's Parcels
5   Number 072-0260-006 ("Parcel A"), 072-0260-031 ("Parcel B"), and 072-
6   0260-032 ("Parcel C") (collectively, the "Site").  The Department's
7   Third Amended Complaint (the "Complaint") seeks, inter alia, recovery
8   of response costs incurred or to be incurred by the Department in
9   monitoring, assessing, and evaluating the alleged release and
10  threatened release of hazardous substances from the Site and in
11  removing, remediating, and overseeing the removal and remediation of
12  hazardous substances at the Site; and declaratory relief regarding the
13  defendants named in the Complaint's alleged liability for future
14  response costs with respect to the Site.  The defendants in this
15  action consist of parties who are alleged to be liable because they
16  arranged for disposal or treatment of hazardous substances at the Site
17  ("Arranger Defendants"), and parties who are alleged to be liable
18  based on their ownership or operation of the Site ("Owner/Operator
19  Defendants").
20       Several of the defendants in this action filed counterclaims
21  against the Department, the Department acting as the State of
22  California, or the State of California based on the actions of the
23  California Highway Patrol, the California Department of
24  Transportation, the California Department of General Services and its
25  other political subdivisions.  The California Highway Patrol, the
26  California Department of Transportation, and the California Department
27  of General Services have actively participated in this litigation and
28  the settlement negotiations as Arranger Defendants.  These three state

agencies (the "State Agency Defendants") are signatories to the Consent Decree.

Magistrate Judge Gregory G. Hollows presided over the settlement conference held on May 29, 2009 in which the parties agreed to the Consent Decree.  The agreement was reached on the Consent Decree subject to a 30-day time period (ending June 29, 2009) for any party to inform Magistrate Judge Hollows by email that it did not have the authority to agree to the Consent Decree.

**MOTION FOR APPROVAL AND ENTRY OF CONSENT DECREE**

"A consent decree is essentially a settlement agreement subject to continued judicial policing." U.S. v. State of Oregon, 913 F.2d 576, 580 (9th Cir. 1990) (quotations omitted).  "Before approving a consent decree, a district court must be satisfied that it is at least fundamentally fair, adequate and reasonable." Id.  A CERCLA consent decree should be approved when it is: "procedurally and substantively fair, reasonable, and consistent with the statute's objectives." Arizona ex rel. Arizona Dep't of Env. Quality v. ACME Laundry & Dry Cleaning Co., Inc., No. CV-09-01919-PHX-FJM, 2009 WL 5170176, at *1 (D. Ariz. Dec. 21, 2009) (citing U.S. v. Montrose Chem. Corp. of California, 50 F.3d 741, 746-48 (9th Cir. 1995)); see also U.S. v. Cannons Eng'g Corp., 899 F.2d 79, 84 (1st Cir. 1990).

"To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance." Cannons, 899 F.2d at 86. "Substantive fairness introduces into the equation concepts of corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible." Id. at 87.  In determining whether a settlement is reasonable, courts look to whether

the proposed settlement will be effective in ensuring a cleanup of the property, whether it satisfactorily compensates the public for the costs of cleanup, and whether the settlement reflects the relative strengths of the parties' bargaining positions. Id. at 89-90. Finally, the settlement should be consistent with the purposes of CERCLA, two of which are: (1) to create a prompt and effective response to hazardous waste problems; and (2) to ensure that the cost of remedying the hazardous waste problem is paid for by those who caused the problem. Id. at 90-91.

Here, the parties have made the required showing that the settlement documented in the Consent Decree is procedurally and substantively fair, reasonable, and consistent with the purposes of CERCLA. The settlement was the result of arm's-length negotiations conducted under the supervision of the Magistrate Judge, in which all parties had the opportunity to participate. Additionally, the settlement reflects a "reasonable method of weighing comparative fault" based on the information available to the settling parties at the time of settlement. Id. at 88. The Consent Decree provides that $2,510,000 shall be paid to the Department through the settlement and that this payment is expected to "be enough money to complete the remedial actions" at the Site, ensuring that taxpayer funds will not be needed for such remedial actions. (Amador Decl. 4:20-124.) Although this payment does not include the Department's oversight costs, which are estimated to total $846,140.04, the Department has the ability to seek these costs from other non-settling parties and to apply any unused funds obtained in the proposed settlement to cover these costs. Finally, the proposed Consent Decree promptly and effectively responds to the hazardous waste problem, using funds from

a large group of defendants who are allegedly responsibly for causing the problem.  Therefore, the proposed Consent Decree is approved as procedurally and substantively fair, reasonable, and consistent with the purposes of CERCLA.

The parties also seek an order "barring contribution claims and actions" for the "Matters Addressed" in the Consent Decree under CERCLA section 113(f), codified as 42 U.S.C. § 9613(f), which provides:

> A person who has resolved liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement.  Such settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement.

42 U.S.C. § 9613(f)(2).  Under this section, "[c]ontribution protection is conferred on the settling parties at the time the settling parties enter into the agreement." U.S. v. Colorado & E. R.R. Co., 50 F.3d 1530, 1538 (10th Cir. 1995).  Therefore, the settling parties' request for an order barring contribution claims for the "Matters Addressed" in the Consent Decree is granted.

**MOTION FOR DECLARATION OF GOOD FAITH AND BAR ORDER**

The parties also seek a declaration that the settlement was reached in good faith and an order barring claims for contribution and indemnity under California law.  Section 877.6 of the California Code of Civil Procedure provides:

> A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

1  Cal. Code Civ. P. 877.6(c).  Whether a settlement is made in "good
2  faith" within the meaning of section 877.6 is determined based on a
3  variety of factors identified in the California Supreme Court's
4  decision in Tech-Bilt, Inc. v. Woodward-Clyde & Assoc., 38 Cal. 3d 488
5  (1985), including: (i) a rough approximation of plaintiff's total
6  recovery and the settlor's proportionate liability; (ii) the amount
7  paid in settlement; (iii) the allocation of settlement proceeds among
8  plaintiffs; (iv) a recognition that the settlor should pay less in
9  settlement than he would if he were found liable after trial; (v) the
10 financial conditions and insurance policy limits of settling
11 defendants; and (vi) the existence of collusion, fraud, or tortious
12 conduct aimed to injure the interests of non-settling defendants.  Id.
13 at 499.
14         Based on the Tech-Bilt factors, the settlement in this case
15 qualifies as a good faith settlement within the meaning of section
16 877.6.  "The first factor, an approximation of recovery and potential
17 liability, is the most important."  AmeriPride Serv., Inc. v. Valley
18 Indust. Serv., Inc., 2009 WL 194663, at *3 (E.D. Cal. July 2, 2007).
19 "The settlement amount need only be 'in the ballpark' [to satisfy this
20 factor], with any party challenging a settlement having the burden of
21 establishing that it is so far out of the ballpark that the equitable
22 objectives of section 877 are not satisfied."  Id.  Here, the
23 settlement is within the "ballpark" of a "rough approximation" of the
24 Department's total recovery and the settling Defendants' proportionate
25 liability based on the information available to the parties at the
26 time of settlement.  Further, there is no evidence of collusion,
27 fraud, or conduct seeking to impose an undue share of liability on the
28 non-settling parties.  Here, the settlement conference over which

Magistrate Judge Hollows presided, which culminated in the Consent Decree, was reached following extensive negotiations conducted at arm's-length.  Finally, the parties have demonstrated that the decision was motivated by the desire of each to avoid the significant costs required to litigate this case as well as to avoid the uncertainty of litigation.  Accordingly, this settlement was reached in good faith.  Therefore, any claims against the settling parties "for equitable comparative contribution, or partial or comparative indemnity, based on comparative indemnity, based on comparative negligence, or comparative fault" are barred by California Code of Civil Procedure section 877.6.

For the stated reasons, it is ORDERED:

1. The Consent Decree is approved and entered as a good faith settlement and as procedurally and substantively fair, reasonable, and consistent with the purposes of CERCLA.
2. Any and all claims for contribution or indemnity against the settling parties for the "Matters Addressed" in the Consent Decree are barred by 42 U.S.C. § 9613(f).
3. The Consent Decree was entered into in good faith within the meaning of California Code of Civil Procedure sections 877 and 877.6, and any and all claims against the settling parties for contribution or indemnity are barred by section 877.6.

Dated:  April 28, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

7