IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>        Plaintiff,<br><br>    v.<br><br>CHARLES V. KESTER, ET AL.,<br><br>        Defendants.<br>_____<br><br>AND RELATED CROSS-CLAIMS, COUNTERCLAIMS, and THIRD-PARTY ACTIONS<br>_____ | 2:02-cv-00018-GEB-GGH<br><br>ORDER APPROVING CONSENT DECREE, BARRING CONTRIBUTION CLAIMS, AND FINDING CONSENT DECREE WAS REACHED IN GOOD FAITH |

        Plaintiff California Department of Toxic Substances Control (the "Department") moves for approval of the proposed Consent Decree (the "Maita Consent Decree") into which it entered with Maita Chevrolet GEO, Inc. ("Maita"), the California Department of Fish and Game, the California National Guard, and the California Department of Forestry and Fire Protection ("State Agencies"). (ECF No. 1204.) The Maita Consent Decree was filed on May 2, 2011 as Docket Number 1208. Maita also seeks a judicial declaration under California Code of Civil Procedure section 877.6 that the Maita Consent Decree is made in good faith, and an order issued under 42 U.S.C. § 9613(f) which would bar contribution or indemnity claims against Maita for the "matters addressed" in the Maita Consent Decree. (ECF No. 1213.)

1

# I. BACKGROUND

This is a cost recovery action brought by the Department under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), prescribed in 42 U.S.C. §§ 9601 *et seq.*. The Department seeks to recover the response costs it has incurred and will incur monitoring, assessing, and evaluating the alleged release and threatened release of hazardous substances from a tract of land located at the intersection of White Rock and Kilgore Roads in Rancho Cordova, California (the "Site"). The Department also seeks to recover the costs it has incurred and will incur removing, remediating, and overseeing the removal and remediation of hazardous substances at the Site.

Following a settlement conference with United States Magistrate Judge Hollows on May 29, 2009, the Department and twenty nine parties reached a settlement and entered into a proposed consent decree which the district court subsequently approved (the "2010 Consent Decree"). (ECF Nos. 1102, 1120.) The Department then filed a Fourth Amended Complaint (the "Complaint"), naming as defendants Maita and other parties who were not a party to the 2010 Consent Decree. (Complaint ¶¶ 63-67, ECF No. 1145.) Maita filed a counterclaim against the State Agencies, who are signatories to the Maita Consent Decree. (ECF No. 1175.) This pending litigation was referred to the Voluntary Dispute Resolution Program for mediation on October 27, 2010. (ECF No. 1178.) The parties reached a settlement agreement "in principle prior to the mediation." (Decl. of Fiering ¶ 4, ECF No. 1206.) The Maita Consent Decree "memorializes that settlement agreement." Id.

## II. MOTION FOR APPROVAL OF MAITA CONSENT DECREE

Here, the decision whether the Maita Consent Decree is approved requires the "court [to] be satisfied that [the Maita Consent

2

Decree] is at least fundamentally fair, adequate and reasonable." <u>U.S. v. State of Oregon</u>, 913 F.2d 576, 580 (9th Cir. 1990). "[F]airness in the CERCLA settlement context has both procedural and substantive components. To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance." <u>U.S. v. Cannons Eng'g Corp.</u>, 899 F.2d 79, 86 (1st Cir. 1990) (citation omitted) (relied on by <u>U.S. v. Montrose Chem. Corp. of California</u>, 50 F.3d 741, 746-48 (9th Cir. 1995)). "Substantive fairness introduces into the equation concepts of corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible." <u>Id.</u> at 87. In determining whether a settlement is reasonable, courts look to whether the proposed settlement will be effective in ensuring a cleanup of the property, whether it satisfactorily compensates the public for the costs of cleanup, and whether the settlement reflects the relative strengths of the parties' bargaining positions. <u>Id.</u> at 89-90. Finally, determining the fairness and reasonableness of the Maita Consent Decree requires consideration of the extent to which it is consistent with the purposes of CERCLA, two of which are: (1) to create a prompt and effective response to hazardous waste problems; and (2) to ensure that the cost of remedying the hazardous waste problem is paid for by those who caused the problem. <u>Id.</u> at 90-91.

   Here, the parties have made the required showing that the Maita Consent Decree is procedurally and substantively fair, reasonable, and consistent with the purposes of CERCLA. The Maita Consent Decree provides that "Maita shall pay a total of Thirty Thousand Dollars ($30,000) to the Department[.]" (Maita Consent Decree ¶ 7.1, ECF No. 1208.) "[T]he total estimated response costs in the matter are:

$2,500,000 future remedial action costs, $764,603 past oversight costs and $126,000 future oversight costs, which total approximately $3,390,603." (Mot. 9:18-20, ECF No. 1205; Fiering Decl. Exs. B-C, ECF No. 1206.) The Maita Consent Decree, along with the concurrently filed Sullivan Consent Decree and the 2010 Consent Decree, "will provide recovery of over 78 [percent] of the total estimated response costs." (Mot. 9:21-22, ECF No. 1205; ECF Nos. 1102, 1219.) Although this payment does not fully compensate the Department for its oversight costs, the Department has the ability to seek these costs from other non-settling parties and to apply any unused funds obtained in the consent decrees to cover these costs. Therefore, the Maita Consent Decree reflects a "reasonable method of weighing comparative fault[.]" Id. at 88. The Maita Consent Decree also promptly and effectively responds to the hazardous waste problem and ensures that the cost of remedying the hazardous waste problem is paid for by those who caused it. Therefore, the Maita Consent Decree is approved as procedurally and substantively fair, reasonable, and consistent with the purposes of CERCLA.

### III. MOTION FOR ORDER BARRING CONTRIBUTION CLAIMS AND DECLARATION OF GOOD FAITH SETTLEMENT

Maita also seeks an order barring contribution and indemnity claims for the "matters addressed" in the Maita Consent Decree. (ECF No. 1211, Mot. 7:25-28.) CERCLA section 113(f) provides:

> A person who has resolved liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement. Such settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement.

4

42 U.S.C. § 9613(f)(2). Under this section, "[c]ontribution protection is conferred on the settling parties at the time the settling parties enter into the agreement." U.S. v. Colorado & E. R.R. Co., 50 F.3d 1530, 1538 (10th Cir. 1995). Therefore, Maita's request for an order barring contribution and indemnity claims for the "matters addressed" in the Maita Consent Decree is granted.

Maita also seeks a judicial declaration that the Maita Consent Decree constitutes a good faith settlement under California Code of Civil Procedure section 877.6, which precludes claims for contribution and indemnity. (Mot. 4:17-6:11, ECF No. 1211.) Section 877.6 of the California Code of Civil Procedure prescribes:

> A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

Cal. Code Civ. P. § 877.6(c). Whether a settlement is made in "good faith" within the meaning of section 877.6 is determined based on the factors identified by the California Supreme Court in Tech-Bilt, Inc. v. Woodward-Clyde & Assoc., 38 Cal. 3d 488 (1985), including: (i) a rough approximation of plaintiff's total recovery and the settlor's proportionate liability; (ii) the amount paid in settlement; (iii) the allocation of settlement proceeds among plaintiffs; (iv) a recognition that the settlor should pay less in settlement than he would if he were found liable after trial; (v) the financial conditions and insurance policy limits of settling defendants; and (vi) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. Id. at 499.

1    Based on the Tech-Bilt factors, the Maita Consent Decree
2 qualifies as a good faith settlement within the meaning of section
3 877.6. "The first factor, an approximation of recovery and potential
4 liability, is the most important." AmeriPride Serv., Inc. v. Valley
5 Indust. Serv., Inc., Nos. CIV. S-00-113-LKK JFM, S-04-1494-LKK/JFM, 2007
6 WL 1946635, at *3 (E.D. Cal. July 2, 2007). "The settlement amount need
7 only be 'in the ballpark' [to satisfy this factor], with any party
8 challenging a settlement having the burden of establishing that it is so
9 far out of the ballpark that the equitable objectives of section 877 are
10 not satisfied." Id. Here, the Maita Consent Decree is within the
11 "ballpark" of a "rough approximation" of the Department's total recovery
12 and Maita's proportionate liability. Further, there is no evidence that
13 the settling parties engaged in collusion, fraud, or other conduct
14 seeking to impose an undue share of liability on the non-settling
15 parties. Accordingly, the Maita Consent Decree was reached in good
16 faith. Therefore, any claim against the settling parties "for equitable
17 comparative contribution, or partial or comparative indemnity, based on
18 comparative indemnity, based on comparative negligence, or comparative
19 fault" is barred by California Code of Civil Procedure section 877.6.

### III. CONCLUSION

For the stated reasons, it is ORDERED:
1. The Maita Consent Decree is approved as procedurally and substantively fair, reasonable, and consistent with the purposes of CERCLA.
2. Any claim for contribution or indemnity against Maita for the "matters addressed" in the Maita Consent Decree is barred by 42 U.S.C. § 9613(f).

6

3. The Maita Consent Decree was entered into in good faith within the meaning of California Code of Civil Procedure section 877.6, and therefore, any claim against Maita for contribution or indemnity is barred by section 877.6.

Dated: July 19, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge