IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>             Plaintiff,<br><br>      v.<br><br>CHARLES V. KESTER, ET AL.,<br><br>             Defendants.<br>_____<br><br>AND RELATED CROSS-CLAIMS, COUNTERCLAIMS, and THIRD-PARTY ACTIONS<br>_____ | 2:02-cv-00018-GEB-GGH<br><br><u>ORDER APPROVING CONSENT DECREE, BARRING CONTRIBUTION CLAIMS, AND FINDING CONSENT DECREE WAS REACHED IN GOOD FAITH</u> |

Plaintiff California Department of Toxic Substances Control (the "Department") moves for approval of the proposed Consent Decree (the "Sullivan Consent Decree") into which it entered with John L. Sullivan Chevrolet, Inc. ("Sullivan"), Gordon Turner Motors ("Turner"), the California Department of Transportation, the California Department of General Services, the California Department of Fish and Game, the California National Guard, and the California Department of Forestry and Fire Protection (the "State Agencies). (ECF No. 1215.) The Sullivan Consent Decree was filed on May 4, 2011 as Docket Number 1219. Sullivan, Turner, and the State Agencies (collectively, the "settling parties") also seek a judicial declaration under California Code of Civil Procedure section 877.6 that the Sullivan Consent Decree is made in good faith, and an order issued under 42 U.S.C. § 9613(f) which would bar

1

contribution or indemnity claims against the settling parties for the "matters addressed" in the Sullivan Consent Decree. (ECF No. 1214.)

## I.  BACKGROUND

This is a cost recovery action brought by the Department under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), prescribed in 42 U.S.C. §§ 9601 *et seq.*. The Department seeks to recover the response costs it has incurred and will incur monitoring, assessing, and evaluating the alleged release and threatened release of hazardous substances from a tract of land located at the intersection of White Rock and Kilgore Roads in Rancho Cordova, California (the "Site"). The Department also seeks to recover the costs it has incurred and will incur removing, remediating, and overseeing the removal and remediation of hazardous substances at the Site.

Following a settlement conference with United States Magistrate Judge Hollows on May 29, 2009, the Department and twenty nine parties reached a settlement and entered into a proposed consent decree which the district court subsequently approved (the "2010 Consent Decree"). (ECF Nos. 1102, 1120.) The Department then filed a Fourth Amended Complaint (the "Complaint"), naming as defendants Sullivan, Turner, and other parties who were not a party to the 2010 Consent Decree. (Complaint ¶¶ 63-67, ECF No. 1145.) Sullivan and Turner each filed a counterclaim against the State Agencies, who are signatories to the Sullivan Consent Decree. (ECF Nos. 1163-64.) This pending litigation was referred to the Voluntary Dispute Resolution Program for mediation on October 27, 2010. (ECF No. 1178.) "On March 3, 2011 the parties to this Consent Decree participated in a mediation through the Court's Voluntary Dispute Resolution Program, and reached a settlement in

1  principle." (Decl. of Fiering ¶ 4, ECF No. 1217.) The Sullivan Consent
2  Decree "memorializes that settlement agreement." Id.

3                **II. MOTION FOR APPROVAL OF SULLIVAN CONSENT DECREE**

4  Here, the decision whether the Sullivan Consent Decree is
5  approved requires the "court [to] be satisfied that [the Sullivan
6  Consent Decree] is at least fundamentally fair, adequate and
7  reasonable." U.S. v. State of Oregon, 913 F.2d 576, 580 (9th Cir. 1990).
8  "[F]airness in the CERCLA settlement context has both procedural and
9  substantive components. To measure procedural fairness, a court should
10 ordinarily look to the negotiation process and attempt to gauge its
11 candor, openness, and bargaining balance." U.S. v. Cannons Eng'g Corp.,
12 899 F.2d 79, 86 (1st Cir. 1990) (citation omitted) (relied on by U.S. v.
13 Montrose Chem. Corp. of California, 50 F.3d 741, 746-48 (9th Cir.
14 1995)). "Substantive fairness introduces into the equation concepts of
15 corrective justice and accountability: a party should bear the cost of
16 the harm for which it is legally responsible." Id. at 87. In determining
17 whether a settlement is reasonable, courts look to whether the proposed
18 settlement will be effective in ensuring a cleanup of the property,
19 whether it satisfactorily compensates the public for the costs of
20 cleanup, and whether the settlement reflects the relative strengths of
21 the parties' bargaining positions. Id. at 89-90. Finally, determining
22 the fairness and reasonableness of the Sullivan Consent Decree requires
23 consideration of the extent to which it is consistent with the purposes
24 of CERCLA, two of which are: (1) to create a prompt and effective
25 response to hazardous waste problems; and (2) to ensure that the cost of
26 remedying the hazardous waste problem is paid for by those who caused
27 the problem. Id. at 90-91.
28 ///

1    Here, the parties have made the required showing that the
2 Sullivan Consent Decree is procedurally and substantively fair,
3 reasonable, and consistent with the purposes of CERCLA. The Sullivan
4 Consent Decree provides that "Turner and Sullivan shall each pay Fifty
5 Thousand Dollars ($50,000) to the Department, and the State Agencies
6 shall collectively pay a total of Ten Thousand Dollars ($10,000) to the
7 Department[.]" (Sullivan Consent Decree ¶ 7.1, ECF No. 1219.) "[T]he
8 total estimated response costs in the matter are: $2,500,000 future
9 remedial action costs, $764,603 past oversight costs and $126,000 future
10 oversight costs, which total approximately $3,390,603." (Mot. 9:16-18,
11 ECF No. 1216; Fiering Decl. Exs. B-C, ECF No. 1217.) The Sullivan
12 Consent Decree, along with the Maita Consent Decree which was filed on
13 July 20, 2011, and the 2010 Consent Decree, "will provide recovery of
14 over 84 [percent] of the total estimated response costs." (Mot. 9:18-20,
15 ECF No. 1216; ECF Nos. 1102, 1208.) Although this payment does not fully
16 compensate the Department for its oversight costs, the Department has
17 the ability to seek these costs from other non-settling parties and to
18 apply any unused funds obtained in the consent decrees to cover these
19 costs. Therefore, the Sullivan Consent Decree reflects a "reasonable
20 method of weighing comparative fault[.]" Id. at 88. Further, since the
21 Sullivan Consent Decree was the result of mediation through the Court's
22 Voluntary Dispute Resolution Program, it is procedurally fair. The
23 Sullivan Consent Decree also promptly and effectively responds to the
24 hazardous waste problem and ensures that the cost of remedying the
25 hazardous waste problem is paid for by those who caused it. Therefore,
26 the Sullivan Consent Decree is approved as procedurally and
27 substantively fair, reasonable, and consistent with the purposes of
28 CERCLA.

## III. MOTION FOR ORDER BARRING CONTRIBUTION CLAIMS AND DECLARATION OF GOOD FAITH

The settling parties also seek an order barring contribution and indemnity claims for the "matters addressed" in the Sullivan Consent Decree. (Mot. 11:1-17, ECF No. 1214-1.) CERCLA section 113(f) provides:

> A person who has resolved liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement. Such settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement.

42 U.S.C. § 9613(f)(2). Under this section, "[c]ontribution protection is conferred on the settling parties at the time the settling parties enter into the agreement." U.S. v. Colorado & E. R.R. Co., 50 F.3d 1530, 1538 (10th Cir. 1995). Therefore, the settling parties' request for an order barring contribution and indemnity claims for the "matters addressed" in the Sullivan Consent Decree is granted.

The settling parties also seek a judicial declaration that the Sullivan Consent Decree constitutes a good faith settlement under California Code of Civil Procedure section 877.6, which precludes claims for contribution and indemnity. (Mot. 6:20-9:3, ECF No. 1214-1.) Section 877.6 of the California Code of Civil Procedure prescribes:

> A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

Cal. Code Civ. P. § 877.6(c). Whether a settlement is made in "good faith" within the meaning of section 877.6 is determined based on the factors identified by the California Supreme Court in Tech-Bilt, Inc. v.

5

Woodward-Clyde & Assoc., 38 Cal. 3d 488 (1985), including: (i) a rough approximation of plaintiff's total recovery and the settlor's proportionate liability; (ii) the amount paid in settlement; (iii) the allocation of settlement proceeds among plaintiffs; (iv) a recognition that the settlor should pay less in settlement than he would if he were found liable after trial; (v) the financial conditions and insurance policy limits of settling defendants; and (vi) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. Id. at 499.

Based on the Tech-Bilt factors, the Sullivan Consent Decree qualifies as a good faith settlement within the meaning of section 877.6. "The first factor, an approximation of recovery and potential liability, is the most important." AmeriPride Serv., Inc. v. Valley Indust. Serv., Inc., Nos. CIV. S-00-113-LKK JFM, S-04-1494-LKK/JFM, 2007 WL 1946635, at *3 (E.D. Cal. July 2, 2007). "The settlement amount need only be 'in the ballpark' [to satisfy this factor], with any party challenging a settlement having the burden of establishing that it is so far out of the ballpark that the equitable objectives of section 877 are not satisfied." Id. Here, the Sullivan Consent Decree is within the "ballpark" of a "rough approximation" of the Department's total recovery and the settling parties' proportionate liability. Further, there is no evidence that the settling parties engaged in collusion, fraud, or other conduct seeking to impose an undue share of liability on the non-settling parties. Accordingly, the Sullivan Consent Decree was reached in good faith. Therefore, any claim against the settling parties "for equitable comparative contribution, or partial or comparative indemnity, based on comparative indemnity, based on comparative negligence, or

comparative fault" is barred by California Code of Civil Procedure section 877.6.

### III. CONCLUSION

For the stated reasons, it is ORDERED:

1. The Sullivan Consent Decree is approved as procedurally and substantively fair, reasonable, and consistent with the purposes of CERCLA.
2. Any claim for contribution or indemnity against the settling parties for the "matters addressed" in the Sullivan Consent Decree is barred by 42 U.S.C. § 9613(f).
3. The Sullivan Consent Decree was entered into in good faith within the meaning of California Code of Civil Procedure section 877.6, and any claim against the settling parties for contribution or indemnity is barred by section 877.6.

Dated: July 20, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge