IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA DEPARTMENT OF TOXIC      )
SUBSTANCES CONTROL,                 )       2:02-cv-00018-GEB-GGH
                                    )
            Plaintiff,              )
                                    )       ORDER APPROVING CONSENT
       v.                           )       DECREE*
                                    )
MID VALLEY DEVELOPMENT, INC.,       )
RAVIND SHANKAR, WHITE ROCK &        )
KILGORE, LLC, SHARON STONE,         )
KILGORE & WHITE ROCK, LLC,          )
GORDON TURNER MOTORS, JOHN L.       )
SULLIVAN CHEVROLET, INC., and       )
MAITA CHEVROLET GEO;                )
                                    )
            Defendants              )
_____ )
                                    )
AND RELATED CROSS-CLAIMS,           )
COUNTERCLAIMS, and THIRD-PARTY      )
ACTIONS                             )
_____ )

        Plaintiff California Department of Toxic Substances Control
(the "Department") moves for approval of the proposed Consent Decree
(the "Kilgore Consent Decree") into which it entered with Kilgore &
White Rock, LLC ("Kilgore") and Sharon Stone ("Stone"). (ECF No. 1229.)
The Kilgore Consent Decree was filed on June 20, 2011 as Docket Number
1227.

_____

        *   This matter is deemed suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

1

## I. BACKGROUND

This is a cost recovery action brought by the Department under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), prescribed in 42 U.S.C. §§ 9601 *et seq.*. The Department seeks to recover the response costs it has incurred and will incur monitoring, assessing, and evaluating the alleged release and threatened release of hazardous substances from a tract of land located at the intersection of White Rock and Kilgore Roads in Rancho Cordova, California (the "Site"). The Department also seeks to recover the costs it has incurred and will incur removing, remediating, and overseeing the removal and remediation of hazardous substances at the Site.

Following a settlement conference with United States Magistrate Judge Hollows on May 29, 2009, the Department and twenty nine parties reached a settlement and entered into a proposed consent decree which the district court subsequently approved (the "2010 Consent Decree"). (ECF Nos. 1102, 1120.) The Department then filed a Fourth Amended Complaint (the "Complaint"), naming as defendants Kilgore, Stone, and other parties who were not a party to the 2010 Consent Decree. (Complaint ¶¶ 15-16, ECF No. 1145.) This pending litigation was referred to the Voluntary Dispute Resolution Program for mediation on October 27, 2010. (ECF No. 1178.) The parties reached a settlement "agreement in principle prior to the mediation." (Decl. of Fiering ¶ 4, ECF No. 1226.) The Kilgore Consent Decree finalizes and "memorializes that settlement agreement." Id.

## II. MOTION FOR APPROVAL OF KILGORE CONSENT DECREE

When deciding whether to approve the Kilgore Consent Decree the "court must be satisfied that [the Kilgore Consent Decree] is at least fundamentally fair, adequate and reasonable." U.S. v. State of

1  Oregon, 913 F.2d 576, 580 (9th Cir. 1990). "[F]airness in the CERCLA
2  settlement context has both procedural and substantive components. To
3  measure procedural fairness, a court should ordinarily look to the
4  negotiation process and attempt to gauge its candor, openness, and
5  bargaining balance." U.S. v. Cannons Eng'g Corp., 899 F.2d 79, 86 (1st
6  Cir. 1990) (citation omitted) (relied on by U.S. v. Montrose Chem. Corp.
7  of California, 50 F.3d 741, 746-48 (9th Cir. 1995)). "Substantive
8  fairness introduces into the equation concepts of corrective justice and
9  accountability: a party should bear the cost of the harm for which it is
10 legally responsible." Id. at 87. In determining whether a settlement is
11 reasonable, courts look to whether the proposed settlement will be
12 effective in ensuring a cleanup of the property, whether it
13 satisfactorily compensates the public for the costs of cleanup, and
14 whether the settlement reflects the relative strengths of the parties'
15 bargaining positions. Id. at 89-90. Finally, determining the fairness
16 and reasonableness of the Kilgore Consent Decree requires consideration
17 of the extent to which it is consistent with the purposes of CERCLA, two
18 of which are: (1) to create a prompt and effective response to hazardous
19 waste problems; and (2) to ensure that the cost of remedying the
20 hazardous waste problem is paid for by those who caused the problem. Id.
21 at 90-91.

22     Here, the parties have made the required showing that the
23 Kilgore Consent Decree is procedurally and substantively fair,
24 reasonable, and consistent with the purposes of CERCLA. The Kilgore
25 Consent Decree provides that "Kilgore shall pay Two Hundred Ten Thousand
26 dollars ($210,000) to the Department." (Kilgore Consent Decree ¶ 7.1,
27 ECF No. 1227.) "[T]he total estimated response costs in the matter are:
28 $2,500,000 future remedial action costs, $764,603 past oversight costs

3

and $126,000 future oversight costs, which total approximately $3,390,603." (Mot. 10:9-11, ECF No. 1225; Fiering Decl. ¶ 7, ECF No. 1226.) The Kilgore Consent Decree, along with the Sullivan and Maita Consent Decrees which were filed on July 20, 2011, and the 2010 Consent Decree, "will provide recovery of over 84 [percent] of the total estimated response costs." (Mot. 10:12-13, ECF Nos. 1225, 1120, 1235-1236.) Although this payment does not fully compensate the Department for its oversight costs, the Department has the ability to apply any unused funds obtained in the consent decrees to cover these costs. Therefore, the Kilgore Consent Decree reflects a "reasonable method of weighing comparative fault[.]" Cannons Eng'q Corp., 899 F.2d at 88. The Kilgore Consent Decree also promptly and effectively responds to the hazardous waste problem and ensures that the cost of remedying the hazardous waste problem is paid for by those who caused it.

Since the Kilgore Consent Decree is procedurally and substantively fair, reasonable, and consistent with the purposes of CERCLA, the Kilgore Consent Decree is APPROVED.

Dated:  July 28, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge