IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, | ) ) | 2:02-cv-00018-GEB-GGH |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |
| MID VALLEY DEVELOPMENT, INC., RAVIND SHANKAR, WHITE ROCK & KILGORE, LLC, SHARON STONE, KILGORE & WHITE ROCK, LLC, GORDON TURNER MOTORS, JOHN L. SULLIVAN CHEVROLET, INC., and MAITA CHEVROLET GEO, | ) ) ) ) ) ) ) ) | |
| Defendants. _____ | ) ) | |
| AND RELATED CROSS-CLAIMS, COUNTERCLAIMS, and THIRD-PARTY ACTIONS _____ | ) ) ) ) ) | |

        A Minute Order issued on July 29, 2011, which rescheduled a scheduling conference in this case for April 9, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. No joint status report was filed as ordered.

        Therefore, the parties are Ordered to Show Cause ("OSC") in a writing to be filed no later than April 9, 2012, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status

report. The written response shall also state whether the parties or their counsel are at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on May 21, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference, in which the parties are required to explain whether the terms of the Consent Decrees approved by the Court have been satisfied, such that this case can be closed.

IT IS SO ORDERED.

Dated:  March 28, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2